UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Charles Henke,

       Plaintiff,

v.

South Lake Minnetonka Police Department,
Bryan Litsey, William Markham, Hennepin
County Sheriff Department, and Richard W. Stanek,

       Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 14-4388 ADM/HB

___

Charles Henke, pro se.

Ryan M. Zipf, Esq., League of Minnesota Cities, St. Paul, MN, on behalf of Defendants South Lake Minnetonka Police Department, Bryan Litsey, and William Markham;

James W. Keeler, Jr., Esq., Hennepin County Attorney, Minneapolis, MN, on behalf of Defendants Hennepin County Sheriff Department, and Richard W. Stanek.

___

## I. INTRODUCTION

On December 18, 2014, the undersigned United States District Judge heard oral argument on Defendants South Lake Minnetonka Police Department ("SLMPD"), Bryan Litsey, and William Markham's Motion to Dismiss [Docket No. 7] and Defendants Hennepin County Sheriff Department ("HCSD") and Richard W. Stanek's Motion to Dismiss [Docket No. 12]. As stated at the hearing, and for the reasons discussed below, both motions are granted.

## II. BACKGROUND

On September 11, 2014, Officer William Markham of the SLMPD ran a computer check on a vehicle being driven by Charles Henke ("Henke"). Compl. [Docket No. 1] ¶ 12. Markham learned that Henke had a misdemeanor warrant for failing to appear on a disorderly conduct charge in Hennepin County. Id. Markham arrested Henke pursuant to the warrant. Id. At this

time, Officer Markham informed Henke that bail for the warrant was $78.00. Id. Henke had $700 cash in his wallet and offered to pay the bail amount, but Officer Markham declined Henke's offer, stating "we don't do that here." Id. Henke's vehicle was towed and Officer Markham transported Henke to the Hennepin County Jail. Id. ¶ 13.

The Hennepin County Jail assumed custody of Henke around 1:00 p.m. Id. ¶ 14. Sometime thereafter, Henke posted the $78.00 bail. Id. However, Henke was not released from jail until around 11:00 p.m., nearly 10 hours after he arrived. Id. When he was released, the $700.00 cash in Henke's possession when he was booked and processed was converted into a check. Id. A Hennepin County Deputy said the check could not be cashed for four hours. Id.

Henke later learned that the SLMPD may allow individuals arrested on warrant stops to pay the bail amount on the spot if they have the necessary cash. Id. ¶ 15.

While not perfectly clear, Henke's Complaint appears to allege constitutional and civil rights violations stemming from both the traffic stop and his booking and eventual release from the Hennepin County Jail. The constitutional violations are predicated on Officer Markham not accepting Henke's offer to pay the $78.00 bail at the time of his arrest and the treatment Henke received at the Hennepin County Jail. The theory of Henke's civil rights claims are based on the alleged failure of the SLMPD and its Chief of Police in supervising Officer Markham.

### III. DISCUSSION

**A. Motion To Dismiss Standard**

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" Id. (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Constitutional Violations

#### 1. Fourteenth Amendment

Henke's Fourteenth Amendment allegations sound in due process and equal protection, both of which Henke argues occurred when Officer Markham denied Henke's request to pay the $78.00 bail at the time of his arrest.

##### a. Due Process

Because it is unclear if Henke alleges a substantive or procedural due process claim, each will be briefly addressed. For a substantive due process claim to survive, Officer Markham's conduct must be "conscious-shocking" and have violated "fundamental rights that are deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." Slusarchuk v. Hoff, 346 F.3d 1178, 1181-82 (8th Cir. 2003) (quotation omitted). Henke has not alleged a substantive due process claim because Officer Markham's act of not accepting Henke's offer to pay his bail in cash at the scene of his arrest falls far below the required "conscious-shocking" standard.

Declining to accept payment of bail at the time of arrest is not a violation of a fundamental right. At the hearing, defense counsel stated that the SLMPD grants its officers discretion in whether or not to accept payment of bail at the time of arrest. Based on the facts presented, it appears Officer Markham decided against exercising this discretion, which is insufficient to state a viable substantive due process claim.

If Henke's allegations are construed as a procedural due process claim, the Complaint still fails. A valid procedural due process claim first requires Henke to allege that the government deprived him of his interest in life, liberty, or property, without sufficient process. Singleton v. Cecil, 176 F.3d 419, 424 (8th Cir. 1999). Next, the procedures attendant upon the deprivation must be constitutionally sufficient. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Henke does not challenge the validity of the warrant that instigated his arrest. Rather, Henke appears to claim his rights were violated first when his offer to pay bail was denied and second when his cash was converted to a check. Declining to accept cash for bail at the time of arrest pursuant to a valid warrant is not an unconstitutional procedure. Additionally, cash inventoried and returned in check form is not an unconstitutional procedure. See Mickelson v. Cnty. of Ramsey, No. 13-CV-2911, 2014 WL 4232284 (D. Minn. Aug. 26, 2014) (holding that Ramsey County did not violate any procedural due process right in charging a $25 booking fee for confinement in its detention facilities and for changing cash into a check or a debit card upon release). Accordingly, Henke has not stated a claim for procedural due process.

### b. Equal Protection

Henke also alleges Markham violated his equal protection rights. For this claim to survive, Henke must establish that he was treated differently from others similar situated to him.

Johnson v. City of Minneapolis, 152 F.3d 859, 863 (8th Cir. 1998).  Read broadly, Henke's Complaint attempts to demonstrate that he was treated differently by claiming that the policy of the SLMPD is to release individuals on warrant stops if they have the bail amount in possession at the time of arrest.  However, Henke does not provide any reason for why he was singled out for differential treatment and the Court is unable to identify a potentially unconstitutional reason.  As previously discussed, SLMPD officers possessed discretion in deciding whether to accept payment of bail at the scene of arrest.  Officer Markham's refusal to grant Henke this option does not state an Equal Protection claim.  In addition, Henke does not plausibly allege that he was treated differently by the Hennepin County Jail when his cash was converted to a check.  At the hearing, counsel for Hennepin County stated it was standard procedure to inventory cash and release individuals with a check for that cash amount when released. Thus, Henke's allegations do not state a plausible equal protection claim.

   **2. Eighth Amendment**

Next, Henke claims Eighth Amendment violations resulting from his arrest, ten hour detention, and the cash to check conversion at the Hennepin County Jail.  None of these claims amount to an Eighth Amendment violation.

First, Markham's actions at the time of arrest do not implicate the Eighth Amendment's protection against cruel and unusual punishment.  However, the Fourth Amendment does protect against excessive force claims at the time of arrest.  Wilson v. Spain, 209 F.3d 713, 715-16 (8th Cir. 2000).  To plead a Fourth Amendment excessive force claim, Henke needs to plead facts showing that Officer Markham used force that was not objectively reasonable given the particular circumstances.  Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009).

Even if Henke's allegations are read broadly and analyzed with the Fourth Amendment in mind, Henke fails to plausibly plead a claim against Officer Markham. Henke's Complaint is devoid of any facts demonstrating that Markham's actions were objectively unreasonable.

Next, Henke's claims against the Hennepin County Jail and Sheriff Stanek must also be dismissed. Protections against cruel and unusual punishment are only available to convicted prisoners. Hott v. Hennepin Cnty., Minn., 260 F.3d 901, 905 (8th Cir. 2001). Here, as a pre-trial detainee, the Eighth Amendment does not protect against the harm Henke alleges.

**C. Civil Rights**

Henke alleges a § 1983 claim against SLMPD Chief of Police Litsey for failing to properly train and supervise Officer Markham. Chief Litsey is immune from suit unless Henke can show a violation of a clearly established statutory or constitutional right. Harlow v. Fitzgerald, 457 U.S. 800, 815 (2009). It is undisputed that transporting Henke to the Hennepin County Jail in lieu of accepting his bail money did not violate an official procedure, much less a clearly established constitutional right. Accordingly, dismissal of Henke's civil rights claim is warranted.

Finally, Henke alleges a 42 U.S.C. § 1986 complaint. While the form of this claim is unclear, it appears Henke is actually alleging a 42 U.S.C. § 1985 complaint for conspiracy to interfere with civil rights. This claim fails because Henke is required to plead facts that show the conspiracy is "motivated by some racial, perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). Since Henke has not done so, this too must be dismissed.

## IV. CONCLUSION

The alleged violations are the product of a series of events that resulted in expense and inconvenience to Henke. While Henke has not doubt experienced frustration and aggravation as a result of what occurred, the events that transpired on September 11, 2014 did not result in any federal civil rights or constitutional violations.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants South Lake Minnetonka Police Department, Bryan Litsey, and William Markham's Motion to Dismiss [Docket No. 7] is **GRANTED**.

2. Defendants Hennepin County Sheriff Department and Richard W. Stanek's Motion to Dismiss [Docket No. 12] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: January 6, 2015.